The next matter, number 25-1472, United States v. Antonio Camillo. At this time, would counsel for the appellant please introduce himself on the record to begin. May it please the court, Mark Shea for Antonio Camillo. May I reserve one minute for rebuttal? Thank you. Well, the initial point I'd like to make is that essentially the government failed to meet the elements of vandalism when they were presenting their case to the district court judge. And that the two elements really are the problem, but the most glaring one is the ownership issue. If one looks back, the hearing was cut in two, and the district court judge gave the government the opportunity to bring in the officer to have the officer testify. And I assume with the idea that the officer would testify not only about the statements of the alleged victim, but what was in the police report that appeared to have been penned by the officer. They did have that opportunity. The officer came in and testified on the second day of the hearing. But when they presented the officer, at no point did they have the officer address the portion of the police report that they now rely on in their brief on the ownership issue. And in fact, at no point was the ownership issue either asked about in the direct testimony, nor was it pointed to in the police report. The officer wasn't asked where that information came from, or anything about it. And even in argument, the government never pointed to the police report in its argument, never even addressed ownership at any point in the entirety of the hearing, the first time or the second time, regarding the ownership of the property that was allegedly vandalized. It's only in their brief that that comes up. And we have argued waiver in our reply brief. I may have missed it. Did you press the ownership issue in your opening brief? Yes, we did. And I also, I argued it, I think it's on page 100 of the appendix, captures the argument regarding literally where, let's be clear, I provided the elements of the crimes to the court, meaning the mass pattern jury instructions. And I had shared that with the government. And so that, because obviously the elements matter if you're finding, you know, the case had been dismissed. Was the police report in the record? Over my objection, but yes. And do you appeal the denial of that objection? Yes. What's the ground in which you're objecting to the inclusion of the police report? Sure. I mean, I want to be clear about this. The part that we focused on the most, I'll grant, is on Ms. Rajati's statements and whether the statements that are encompassed in the police report should come in. And they're relevant to this issue on the vandalism more on the substantial injury or the damage to the door, basically. You're saying to us now, there's no basis for satisfying the element of ownership. Yes. The government says that's not true because of the police report. Yes. So, I'm just asking again, that's part of the record? The police report, the judge, over my objection, admitted the police report. And on appeal, what is your argument as to why we can't consider the police report? My argument as specifically on the ownership issue is that, one, it wasn't corroborated. So, it's in the report, but it's never corroborated where it came from. So, it's uncorroborated hearsay. The officer who took the stand was never asked about it. So, we have no clarity. We have no idea if it's accurately interpreted. Let me give you an example of why this is so problematic and why the officer needs to be questioned about it. If you look at that very police report, at the top of page one, where it lists the three crimes, it lists the A&B domestic. It lists the larceny, right? Both of those are said to have occurred at about 8.54, 8.57 p.m. Then, in that one box below, where it talks about the vandalism, the officer is written in 10.00 p.m. Now, there's nothing in either the testimony of the officer, the reading of that report, the reading of any affidavit from Ms. Rajati. In your brief, on page 23, you say, The District Court clearly erred in finding Mr. Camillo violated his conditions of supervised release by engaging in conduct constituting vandalism. The only evidence relied upon to support those allegations was the police report and Officer O'Connor's testimony that the door frame was cracked and broken. That evidence was grossly lacking to show that Mr. Camillo had committed vandalism. The District Court was not provided with any evidence showing who owned the property, and the sole evidence that Mr. Camillo caused the damage was the unreliable hearsay statement. The only sentence here that I see that explains why there was clear error is that the District Court was not provided with any evidence showing who owned the property. That's not true. They had a police report showing it. There's no argument here about why that police report isn't such evidence. Here's how I would defend myself on that particular point, Your Honor. The government never raised it in the argument in the District Court. It's nowhere in the transcript for either the first hearing or the second hearing. You're the one on appeal who's treating that as possibly evidence. And rightly so, since it was admitted in the record. And then to us, your only argument is you simply say it wasn't provided with any evidence after having just mentioned that evidence. But there's no argument as to why it's not evidence. Here's what I would say. Until they put it in their brief, I didn't even realize it was there. It's very confusing in that police report, the Caleb Foundation. I didn't even know what the Caleb Foundation was. And so I didn't address it in the brief because, frankly, I hadn't even spotted it. I thought you said you did raise it in the brief. Well, I mean, what I'm raising is ownership. I raised ownership because I saw it in the jury instructions, right? And I argued ownership before the court. And the court, in listing the elements of the crime, didn't list ownership. And so I actually pointed out the ownership problem to the court. It's there in the transcript. I understand. So when you objected to the police report. Yes. Which is now in. Yes. Just last time, is there anything on appeal where you challenged the ruling as to the decision to admit the police report? I believe it's mentioned in my brief and the government acknowledges in its brief that I objected. I understand that. But on appeal, do you make any argument to us about why it was wrong to deny that objection as to the police report? I do in my reply brief. And I did. I just want to be clear. I couldn't have known to do it in my initial brief because I didn't know it was their argument because they never made it in the district court. It's only after they make it in their appellate brief. And that's why I'm arguing waiver, because I can't know what the government is arguing. They literally didn't argue it in the district court. When you refer the police report in your opening brief, you're not thinking that police report contains evidence of ownership. That's correct. You then learn that they think it does for the first time in their response brief. That is correct. Okay. And so that's why then I dealt with it in my reply brief. Thank you. Okay. Judge Lynch, anything? Counsel, you were aware of the police report in the district court, correct? Yes, I was. And you objected there. And now you're telling us you didn't read the police report? No, I'm not saying that. I'm saying that I didn't know that Caleb Foundation, because there was no testimony on it, there was no argument by the government on it. When I literally raised the issue of ownership to the court, the court didn't mention it and the prosecution didn't mention it. There was no reason for me to be aware that that was what they were going to rely on because it wasn't clear from the body of the police report. Which is exactly why my point is that it needs to be brought up at the court for clarity's purposes so that we actually know what the evidence is. We still don't know what the Caleb Foundation is. We still don't know where that information came from. We still don't know who put it in the report. And so all of those things I would have addressed if the government had argued it at the time. But I can't see into the mind of the government, and if they choose not to meet the elements, it's not my burden to meet the elements for them. I did, as an officer of the court, tell them what the elements were. Thank you. Thank you. Counsel for the government, please introduce yourself on the record to begin. Good morning. May it please the court, Karen Eisenstadt for the government. And I'd like to address the issue that you're just discussing with defense counsel. Specifically on the elements of vandalism, to clarify, the element does not require proof of who owns the property. It requires proof here by preponderance that the defendant, the person who committed the vandalism, doesn't own the property. So the argument that the defense made below that there's no showing of the specific identity of who owned the apartment building was an insubstantial argument, which is maybe why the district court didn't specifically address it in its ruling. But there was, as your honors have pointed out, evidence in the record that was admitted that does plainly show the owner of the property was the Caleb Foundation. And it's in the police report where the officer notes that they're going to be charging the destruction of property, the vandalism, that the owner was the Caleb Foundation. So I understand that in order for him to win, he'd have to be the owner? Correct. Correct. He'd have to be owner because he has not yet. He presumably knows whether he was. Yes. There's no contention in the district court that he owned that apartment building or that unit. And in fact, when he was arguing to the district court about the malice element, he actually said, it's unclear to me who the malice has to be towards. Does it have to be towards the owner of the building? Because clearly he had no malice towards the owner of the building. That's on page 100 of the appendix. So defense counsel essentially conceded that there was an owner of this building that was not him, his client. So I don't think there was anything substantial before the court on the element of the defendant possibly being the owner of the building. I'm happy to answer any other questions the court may have. But if there are no further questions on that issue or the other, the government would rest on its brief. What is it in the police report that tells us that Caleb Foundation is the owner? I see an entry for type of business. It's in the government addendum, page three. So it's the second page of the police report. Sort of the second paragraph from the bottom where it says, due to the above facts and circumstances, Antonio Camilo is being charged with, and then there's three crimes listed, the assault and battery, larceny, and then wanton destruction of property, apartment door slash doorframe. And then it says, comma, owner Caleb Foundation. So that's where it is. Thank you, counsel. At this time, counsel for the appellant, please reintroduce himself. He has a one minute rebuttal. Still Mark Shea. So. I would just point out on the. Substantial damage issue that there there is. A real lack of evidence as to that, too, and that the government. Presents evidence that it was a locked door and Mr. Camillo comes back in through this door. It appears that there's damage to the frame, but there's it's unclear how much. And there's no testimony as to damage to either hinges or the door lock. And so he does come back into the apartment. There's nothing to indicate that the door is still not a working door. So on that issue, too, I think there are problems for the government in terms of the in terms of whether the elements do you on the ownership issue, do you agree that for you to win, you have to be the owner. Your client has to be the owner. I do. I agree that he has to be. It was the contention that the owner has to be someone other than him, I guess is how I would put it. And that it was he unaware of that being the case. There's some reason for us to think he was. I would say that, you know, there's all sorts of mixed use places. My my law partner lives in a place with an apartment and a condo. It's it's unclear as to ownership. Thanks. Thank you. Thank you, counsel. That concludes argument in this case.